NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA NEREYDA SAGUILAN ROJAS;
JOSHUA AGUSTIN PLANCARTE
SAGUILAN,

No.    19-72042

Agency Nos.    A208-592-652
A208-592-653

Petitioners,

v.

MEMORANDUM[*]

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Maria Nereyda Saguilan Rojas (Petitioner), a native and citizen of

Mexico, seeks review of a Board of Immigration Appeals (BIA) decision affirming

the immigration judge's (IJ) order denying her applications and the derivative

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

applications of her son, Petitioner Joshua Agustin Plancarte Saguilan, for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the BIA's factual determinations for substantial evidence, meaning we may reverse only if the evidence compels a conclusion contrary to the BIA's." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review the BIA's legal conclusions *de novo*. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

1. To be eligible for asylum, Petitioner must prove that "(1) her treatment rises to the level of persecution or that she has a well-founded fear of future persecution; (2) the persecution was or would be on account of one or more protected grounds; and (3) the persecution was or would be committed by the government, or by forces that the government was unable or unwilling to control." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021).

Substantial evidence supports the BIA's determination that Petitioner failed to establish that her proposed protected ground—membership in the social group

of "witnesses of organized crime kidnapping who cooperated with the police"—is socially distinct. The evidence Petitioner submitted does not mention Petitioner's proposed social group and does not compel the finding that "society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) (internal quotation marks and citation omitted).

Nonetheless, even if Petitioner had established that her proposed social group was cognizable, the BIA properly found that the beating and threats Petitioner experienced—as unfortunate as they are—do not rise to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006).[1] Substantial evidence also supports the BIA's finding that Petitioner did not show a well-founded fear of future persecution because, for example, Petitioner had not shown that any organized crime group or organized crime group member had searched for her following her beating or would search for her if she were to return to Mexico. In fact, Petitioner's sister who was beaten alongside Petitioner relocated to another part of Mexico without any incident of persecution. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004).

For the same reasons, Petitioner has not established eligibility for

---

[1]    We reach this conclusion regardless of whether we review the BIA's determination for substantial evidence or *de novo*. *See Lapadat v. Bondi*, 145 F.4th 942, 951–52 (9th Cir. 2025).

withholding of removal, "which imposes a heavier burden of proof." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).[2]

2.      Substantial evidence supports the BIA's determination that Petitioner is not entitled to protection under CAT because Petitioner has not shown that it is more likely than not that she would be tortured by or with the acquiescence of government officials if she were removed to Mexico. *See Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). Petitioner points to generalized conditions of violence and government impunity to support her claim but does not show that she would face "a *particularized* and *non-speculative* risk of torture" if she returned to Mexico, as necessary to prevail on her CAT claim. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

3.      Petitioner argues that the removal proceedings against her and her son should be terminated for lack of jurisdiction because Petitioner and her son were served deficient initial notices to appear—namely, the notices did not include the location, date, or time of the removal hearing. This argument is foreclosed by this

//

//

---

[2]    Because the BIA properly determined that Petitioner does not qualify for asylum and withholding of removal for the reasons stated, we decline to address Petitioner's other arguments with respect to these claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

court's decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th

Cir. 2022) (en banc).

**PETITION DENIED.**[3]

---

[3]    Petitioner's motions to stay removal (Dkt. Nos. 1, 7) are **DENIED** effective upon issuance of the mandate from this court.